**In the Matter of James A. SHOAF, Respondent.**

**No. 03S00–1511–DI–645.**

Supreme Court of Indiana.

Aug. 25, 2016.

LORETTA H. RUSH, Chief Justice.

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below.

**Stipulated Facts:** At relevant times, Respondent was a contracted public defender in Bartholomew Superior Court. Respondent received appointments to represent indigent defendants on appeal of criminal convictions pursuant to an agreement that, among other things, provided for a flat fee payment of $2,000 for appeals from sentencing orders. By custom, Respondent would seek one-half of this fee up front and the remainder when the appeal was complete.

In three such sentencing appeals for which Respondent either accepted appointments or otherwise acted as appellate counsel, Respondent filed notices of appeal and case summaries but thereafter failed to advance the appeals, resulting in the Court of Appeals dismissing each appeal. In at least two of these appeals, Respondent invoiced and received from the County partial payments of $1,000. In two appeals, Respondent did not notify the defendant that the appeal had been dismissed; and in the third appeal, in response to an inquiry from the defendant, Respondent advised the appeal had been dismissed due to a "technicality."

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.4(a)(3): Failure to keep a client reasonably informed about the status of a matter.

1.4(b): Failure to explain a matter to the extent reasonably necessary to permit a client to make informed decisions.

**Discipline:** The parties propose the appropriate discipline is a suspension of 60 days with automatic reinstatement. The Court, having considered the submissions of the parties, now approves the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 60 days, beginning October 6, 2016.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur.