ROBB, Judge,
concurring in part and concurring in result in part.
[37] I concur fully in Part II of the majority opinion affirming the trial court’s decision that Price does not have a private right of action to enforce the statutory maximum caseload standard. As to Part III, I respectfully concur in result.
[38] As Judge Riley notes, mandate is available only where no adequate remedy at law is available. See op. at ¶ 22 (citing Whitney v. Bd. of Sch. Trustees of DeKalb Co. Eastern Cmty. Sch. Dist., 416 N.E.2d 1289, 1292 (Ind.1981)). The dissent believes Price has an adequate remedy under the Indiana Civil Service Complaint procedure and mandate is therefore inappropriate. See op. at ¶ 44. I believe we cannot find that an adequate remedy is available through the Civil Service Complaint procedure, see op. at ¶ 28. I write separately to elaborate upon that conclusion.
[39] The Indiana Civil Service Complaint procedure may be a remedy, but we are not in a position to say it is an adequate remedy, given DCS’s concession at oral argument that its caseworkers’ caseload numbers continue to climb and the money appropriated by the legislature has thus far not been enough to allow DCS to hire enough caseworkers to meet the statutory caseload limitation. Any remedy Price could obtain through the civil service complaint procedure would be to her benefit only, and therefore would be inadequate at best, if not completely illusory, in addressing the fullness of the problem. Although DCS professes to want to comply and to intend to comply with the statute “to the extent possible,” https://mycourts. in.gov/argumfents/default.aspx?id=1981 & view=detail (beginning at 22:58), the fact is DCS is unable to comply with the letter of the statute, even if through no fault of *28 its own. There is nothing to be gained by-forcing Price to go through the motions of pursuing such a complaint on her own behalf when many caseworkers across the state would continue to face the same dilemma; in fact, much stands .to be lost by delaying resolution of this issue. No matter how well-intentioned, people who are overwhelmed are prone to making mistakes,[4] and in this particular situation, a mistake could come at the cost of á child’s welfare.
[40] As we have determined herein, Price and similarly-situated caseworkers do not have a private right of action to enforce the statute. We have further determined that the Civil Service Complaint procedure does not provide an adequate remedy for allegations of noncompliance with the statute. And I note that although DCS asserted at oral argument the statute is for the primary benefit of children and families, it also acknowledged even a child or a parent harmed by a caseworker’s caseload in excess of the statutory limitation would not have a right to sue for violation of the statute. In other words, as DCS succinctly put it, “there are ho potential plaintiffs” for a violation of this statute. https://mycourts.in.gov/arguments/default. aspx?id=1981 & view=detail (beginning at 26:10).
[41] Price does not specifically rely on Article 1, section 12 of the Indiana Constitution to support her claim for mandate, but I believe that provision gives context to our decision in light of the foregoing. Section 12 states, “All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law.” This constitutional provision “does not specify any particular remedy for any particular wrong. Rather, it leaves the definition of wrongs and the specification of remedies to the legislature and the common law.” Cantrell v. Morris, 849 N.E.2d 488, 499 (Ind.2006). In McIntosh v. Melroe Co., a Div. of Clark Equip. Co., Inc., 729 N.E.2d 972, 978-80 (Ind.2000), our supreme court held that a products liability statute of repose that bars a claim that accrues more than ten years after the product was delivered to its initial user does not violate section 12 precisely because the legislature is allowed to expand or restrict the scope of a cause of action it has created. Section 12 requires procedural fairness: in the situation presented by McIntosh, it protects the remedy of all plaintiffs whose injuries accrue within the time limitation of the statute of repose, but because the statute of repose extinguishes the claim after that time, section 12 may not be invoked by those whose injuries accrue outside that time. Accordingly, the legislative choice to enact a statute of repose does not violate section 12 because “no one with an accrued claim is in the position of having the claim but no practical means of asserting it.” Id. at 978.
[42] Here, the legislature has defined a wrong—an on-going services caseload greater than seventeen cases at any one time—but has not specified a remedy. No one, at any time, has a means, practical or *29 otherwise, for asserting a claim based on a violation of the statutory limit on caseloads, which has to violate the protections in section 12. In contrast to statutes of repose such as in McIntosh which cut short a remedy or statutes of limitations cases in whieh a party slept on an available remedy, here there is no remedy unless we accept Judge Riley’s alternate resolution of considering a mandate to compel DCS to act in accordance with the statute.
[43] For these reasons, I concur with Judge Riley that the trial court’s dismissal of Price’s action was in error.

. For example, our supreme court recently disciplined an attorney for failing to act with reasonable diligence and promptness, failure to keep a client reasonably informed about the status of a matter, and failure to explain a matter to the extent reasonably necessary to permit a client to make informed decisions for three incidents arising out of his service as a contracted comity public defender. In re Shoaf, 57 N.E.3d 808 (Ind.2016), Described as doing "an exceptionally good job as public defender," the attorney in question was assigned a caseload in a year’s time that was so high it would be difficult to adequately monitor. Julie McClure, Local public defender's law license suspended 60 days, The Republic (Sept. 10, 2016), http://www.therepublic.com/ 2016/09/11/ locaLpublic_defenders_law_li-cense_suspended_60_days/ (last visited Oct. 11, 2016),